Case 11-02170    Doc 12    Filed 12/23/11    Entered 12/28/11 10:40:02    Desc Main
Document    Page 1 of 4

11-02170:8.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 12/15/2011 12:33:12 PM by:Michael Miller Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 11 B 40137 |
| ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ADV. NO. 11 AP 02170 |
| Specialized Loan Servicing, LLC ) | |
| Defendant. ) | |

## FINDINGS OF FACT

**A.    The Parties**

1. The Plaintiff is Ulzana Malone ("Plaintiff").

2. The Defendant is Specialized Loan Servicing, LLC ("Defendant").

**B.    Factual Background**

1. On or about September 30, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 6542 S. Oakley, Chicago, IL 60636.

3. That American Home Mortgage Servicing, Inc. holds a first mortgage lien on the real property commonly known as 6542 S. Oakley, Chicago, IL 60636, with a secured claim of $150,100.00 pursuant to the Plaintiff's recent credit report.

4. The Defendant holds a second mortgage lien on the real property known as 6542 S. Oakley, Chicago, IL 60636 in the approximate amount of $33,894.00 pursuant to the Plaintiff's recent credit report.

5. That the Plaintiff obtained property comparables on September 28, 2011 indicating the value of 6542 S. Oakley, Chicago, IL 60636 to be approximately $65,000.00.

6. The Modified Chapter 13 Plan filed on November 19, 2011 provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $845.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On October 20, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 6542 S. Oakley, Chicago, IL 60636.

11. That on October 20, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to the Registered Agent of the Defendant at 8742 Lucent Blvd. STE 300, Highlands Ranch, CO, 80129 and upon the registered agent at 1315 W. Lawrence Ave. Springfield, IL 62704.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the property value of $65,000.00.

15. The first secured claim of American Home Mortgage Servicing, Inc. in the amount of $150,100.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of American Home Mortgage Servicing, Inc. in the amount of $150,100.00, and the second secured claim of Specialized Loan Servicing, LLC in the amount of $34,500.00.

5. That value of Plaintiff's residence is $65,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*.

Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home

mortgages in 11 U.S.C. §1322(b)(2) as implied by <u>Nobelman v. American Savings Bank</u>, 508 U.S. 324 (1993). See <u>Pond v. Farm Specialist Realty</u> (In re Pond), 252 F.3d 122 (2nd Cir. 2001); <u>McDonald v. Master Fin., Inc.</u> (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); <u>In re Bartee</u>, 212 F.3d 277 (5th Cir. 2000); <u>In re Lane</u>, 280 F.3d 663 (6th Cir. 2002); <u>Zimmer v. PSB Lending Corp.</u>, 313 F.3d 1220 (9th Cir. 2002); and <u>In re Tanner</u>, 217 F.3d 1357 (11th Cir. 2000).

Dated: 12/23/11

Enter:

_____
United States Bankruptcy Judge

DEC 23 2011

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625